IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 2: 18-cv-0230 |
| Plaintiff, | ) | |
| | ) | Chief United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| JOHN E. WETZEL, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION[1]**

Plaintiff, Quintez Talley, is a Pennsylvania state prisoner who is currently confined at SCI-Fayette. This matter arises out of events which allegedly occurred during a seventeen-day period (February 19, 2016, through March 6, 2016) when Plaintiff was housed in a Psychiatric Observation Cell ("POC") at SCI-Greene. At the heart of the Complaint is Talley's allegation that the volume of a television situated at or near the corrections officers' desk during the third shift, 10:00 PM to 6:00 AM, was played at a "disturbingly loud volume" which resulted in Talley having chronic sleep deprivation and headaches. Named as defendants are the following DOC officers and officials: John E. Wetzel, Secretary of DOC; Warden Robert Gilmore, CSA Tracy Shawley, Captain Esmond, C/O Rix, C/O R. Polyblank, Unknown 3rd Shift C/O's, and the Department of Corrections. Talley brings five claims for relief. He asserts three claims under 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth Amendments (Paragraphs 24 - 29); two claims under the Americans with Disabilities Act ("ADA") (Paragraphs 21 - 23), and a state common law claim for intentional infliction of emotional distress (Paragraph 30).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 15 and 24.

1

Defendants filed the pending motion to dismiss, with brief in support (ECF Nos. 11 and 12), to which Talley has responded in opposition. (ECF Nos. 20 and 22). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

*Standard of Review*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twombly*, 550 U.S. at 563 n.8.

*Discussion*

Before turning to the merits of Defendants' motion, Plaintiff is cautioned that, as a litigant in this Court, he is expected to behave with appropriate civility, no matter his personal opinion of the other litigants or their attorney, and no matter how strongly that opinion is held. Plaintiff is advised that the Court will strike future pleadings containing any disparaging comments or statements directed towards the other litigants or their attorney.

A. Eleventh Amendment Immunity

Defendants point out that the Pennsylvania Department of Corrections ("DOC") and any defendant named in his or her official capacity are entitled Eleventh Amendment immunity as to all claims under 42 U.S.C. § 1983. Plaintiff concedes the correction of this contention.. Hence, all 42 U.S.C. § 1983 claims against the DOC and any defendants named in their official capacities will be dismissed.[2]

---

[2] The ruling does not affect the DOC or the defendants who are sued in their official capacities in Plaintiff's ADA claim.

B.  <u>Supervisory Claims</u>[3]

Defendants argue that the allegations in the Complaint against supervisors Wetzel, Gilmore, Esmond, and Shawley fail to state an Eighth Amendment claim as Talley has not made particularized allegations of each individual's personal involvement in the underlying violations.

The requirements for personal supervisory liability under the Eighth Amendment were clarified by the United States Court of Appeals for the Third Circuit in *Barkes v. First Correctional Medical, Inc.,* 766 F.3d 307, 316-19 (3d Cir. 2014)*, reversed on other grounds by Taylor v. Barkes,* -- U.S. --, 135 S.Ct. 2042, 2043 (2015). There our appellate court outlined "two general ways" in which a supervisor-defendant may be liable under the Eighth Amendment: (1) where the supervisor established a policy, custom, or practice that caused the harm; or (2) where the supervisor personally participated in the constitutional violation. The Court of Appeals explained these two general types of supervisory liability as follows:

> First, liability may attach if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist*., 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id*. (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995) ). "Failure to" claims—failure to train, failure to discipline, or, as in the case here, failure to supervise—are generally considered a subcategory of policy or practice liability.

---

[3] The named supervisors are Wetzel, Gilmore, Esmond, and Shawley. In his response, Plaintiff "concedes that the pleadings aren't sufficiently pled as to encompass Defendant Shawley; this has no bearing on Plaintiff's Fourteenth Amendment claim." Accordingly, the Eighth Amendment claims against Defendant Shawley will be dismissed. Defendants have not moved to dismiss Plaintiff's Eighth Amendment claims against Defendants Rix, Polybank, and unknown c/o's. *See* Paragraph 26 of the Complaint. (ECF No. 4).

*Id.* Although in many cases the mere review of grievances will not establish personal involvement in an underlying violation, numerous courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an <u>ongoing violation</u> as he "is personally involved in that violation because he is confronted with a situation he can remedy directly'." *Mayo v. Oppman*, No. CV 17-311, 2018 WL 1833348, at *4 (W.D.Pa. Jan. 23, 2018) (quoting *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008)); report and recommendation adopted, No. CV 17-311, 2018 WL 943528 (W.D.Pa. Feb. 20, 2018); *Gibbs v. Univ. Corr. Healthcare*, No. CV 14-7138-MASLHG, 2016 WL 6595916, at *2 (D.N.J. Nov. 7, 2016) (citing *Harnett* ); *Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D.Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations omitted), report and recommendation adopted by, 2012 WL 4370929 (W.D.Pa. Sept. 24, 2012).

Here, Tally argues that he submitted seventeen (17) grievances, one for each day of the 17-day period he was in POC. The grievances that Gilmore was presented with were intended to correct an ongoing violation, not merely the denial of a grievance that had been brought to address a discrete, past violation. Talley also asserts that Esmond was well aware of the loud playing of the television volume as he had been personally informed by Talley that the corrections officers on the third shift were continuing to play the television at such a loud volume that it deprived Talley of sleep. And as to Wetzel, Tally contends that Wetzel's failure to train and failure to discipline the corrections officers led to the ongoing constitutional violations.

5

The Court finds that Talley has alleged enough to create plausible supervisory liability claims against Wetzel, Gilmore and Esmond. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to supervisory liability claims, but at this stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Talley's favor. Defendants' request to dismiss the supervisory liability claims will be denied.

C. First Amendment Retaliation Claims

Talley's retaliation claim appears to be directed only at C/O Rix. *See* Complaint at ¶ 24 (ECF No. 4) ("Defendant Rix's ongoing playing of the television by the C/O's desk at a loud octave because Plaintiff had filed a lawsuit (stating I'll continue to play it loud - file ANOTHER lawsuit, retard!", he retaliated against Plaintiff in violation of the lst Amendment.")[4]

It is well settled that "government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Allah v. Seiverling*, 229 F.3d 220, 224–25 (3d Cir. 2000)). In order to state a *prima facie* case of retaliation, a prisoner / plaintiff must demonstrate (1) that the conduct in which he engaged was constitutionally protected, (2) he suffered an "adverse action" at the hands of prison officials; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Thomas v. Independence Twp*., 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530); *see also Mann v. Brenner*, 375 F. App'x

---

[4] The record reflects that prior to bringing this federal case, Plaintiff filed a lawsuit in the Court of Common Pleas of Greene County regarding the same complaints about the volume of the television which underlie this action, albeit during a different time period, September 17, 2015, through September 22, 2015, and again from October 3, 2015 through October 8, 2015 *Talley v. Gilmore, et al.,* No. AD 53-2016 (Greene County, PA). Corrections Officer Rix is a named defendant in that case.

232, 236 (3d Cir. 2010); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Although there is not a heightened pleading standard in civil rights cases and liberal standards are to be applied to pro se pleadings, a § 1983 complaint must still comply with the Federal Rules of Civil Procedure, and must contain at least a modicum of factual specificity, identifying the particular conduct of each defendant that is alleged to have harmed the plaintiff, so that a defendant has adequate notice to frame an answer.

Viewed in light of the foregoing liberal pleading standards, the Court finds that Talley has alleged enough to create a plausible retaliation claim and, therefore, will be allowed to continue beyond the Defendants' motion to dismiss. Discovery may well reveal that the alleged conduct of Defendant Rix does not give rise to a constitutional claim, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Talley's favor.

> D. <u>Claims Brought under the Fourteenth Amendment</u>
>> 1. *Due Process Claims Duplicative of Eighth Amendment Claims*

Defendants argue that Plaintiff's Fourteenth Amendment claim should be dismissed as it is duplicative of his Eighth Amendment claim. Plaintiff offers one sentence in response: "Plaintiff concedes that defendants argument MAY have some merit; yet and still, Plaintiff will endeavor to better explain what he believed his grounds for this claim was." P's Resp. at 10. The Court agrees with Defendants and finds that Plaintiff's Fourteenth Amendment due process claim is foreclosed by United States Supreme Court precedent. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due

process," must be the guide for analyzing [a plaintiff's] claims.' " *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

Here, Plaintiff is attempting to raise a claim under the Eighth and Fourteenth Amendments based on the same conduct, *i.e.*, failure to provide timely responses to his grievances and intentional loud playing of the TV in the POD area. Because the Eighth Amendment provides an explicit source of protection, Plaintiff's claims are preempted by the Eighth Amendment and should not be analyzed as due process claims under the Fourteenth Amendment. Accordingly, Plaintiff's Fourteenth Amendment due process claims fail as a matter of law.

2. *Equal Protection Claims*

In Paragraph 28 of the Complaint, Talley alleges that

Defendants Edmonds, Rix, Polyblank, u/k C/O's, and Gilmore differential treatment of Plaintiff (and all other prisoners in the POC) in comparison to others in the RHU (Level 5 housing); by playing the television at disturbingly loud octave at all hours of the night without any rational basis for this difference in treatment, violates the "Equal Protection" Clause of the 14th Amendment.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.' " *Artway v. Attorney General of State of N.J.*, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) ).

The gist of Talley's argument is that he and other prisoners housed in the POC, which is a L-5 housing unit, were subjected to having the television being played at loud volumes, while inmates housed in other L-5 housing units, such as the RHU, SRTU, and the DTU, were not.

Defendants argue that Talley is unable to demonstrate that he was treated differently than any other "similarly-situated" prisoner and in fact, all the prisoners housed in the POC were similarly treated. In his response, Talley seems to acknowledge that his circumstances in the POC are not in fact similar to the circumstances of prisoners housed in other areas, specifically the RHU as he states,

> In the POC the t.v. is located directly in front of the C/O's desk - where the C/O's have to sit all night. Yet, in the RHU the t.v.'s are on the Pods! So, where in the RHU the t.v. doesn't serve as a means of entertainment for the C/O's, there's no problem with trying it off at 12 am. In the POC it's a form of entertainment for the 3rd shift C/O's! (as well as the 1st and 2nd shift). So, what's really going on is that those with the authority to fix the situation aren't because it's a form of entertainment for C/O's!

Pl's Brief Response, at 12, n.14 (ECF No. 20).

The Court finds that fatal to Talley's claim is that he does not allege that he was treated differently than any other "similarly-situated" prisoner who was housed in the POC. Having failed to describe any similarly situated inmate who was treated differently, Talley has failed to raise a right to relief under the Equal Protection Clause. Accordingly, Plaintiff's equal protection claim will be dismissed as it fails as a matter of law.

E.  Doctrine of Qualified Immunity

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223 (2009).

In light of the Court's analysis, above, claims for retaliation under the First Amendment remain against Defendant Rix, and claims for deliberate indifference under the Eighth Amendment, remain against all Defendants, with the exception of Defendant Shawley. In their

9

Motion, Defendants argue that qualified immunity should preclude liability because the Complaint failed to plead facts sufficient to establish any constitutional violations against the individual defendants.

The Court having determined that constitutional violations were sufficiently demonstrated in the Complaint, and Defendants making no further arguments in favor of the application of qualified immunity, the Court finds that qualified immunity does not apply at this juncture.

### F. Claims Brought Under the ADA

In addition to asserting constitutional claims against the Defendants under § 1983, Talley also brings a claim against Defendants under the ADA. Talley alleges he has a disability as defined under the ADA and that he requested a reasonable accommodation, i.e., that the television be turned off during certain hours, which accommodation request Defendants ignored. Defendants argue that this claim should be dismissed because Talley fails to establish the elements of an ADA claim.

The ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. A "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . . ." 42 U.S.C. § 12102(1).

To establish a claim under Title II of the ADA, a plaintiff must show "(1) that he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to

discrimination by any such entity; (4) by reason of his disability." *Dahl v. Johnston*, 598 F. App'x 818, 819–20 (3d Cir. 2015) (*citing* 42 U.S.C. § 12132); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n. 32 (3d Cir. 2007). Further, the Court of Appeals for the Third Circuit has held that "enforcing regulations [with respect to the ADA] require public entities to 'make reasonable modifications' to their programs and policies in order to avoid discrimination on the basis of disability." *Matthews v. Pa. Dept. of Corr.*, 613 F. App'x 163, 167 (3d Cir. 2015) (*citing* 28 C.F.R. § 35.130(b)(7)).

In contrast to a discrimination claim under the ADA, a claim for retaliation under the ADA does not require a plaintiff to demonstrate that he is disabled. The ADA makes it unlawful to retaliate against or intimidate any individual because he or she opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(a); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 502 (3d Cir. 1997). To prove a prima facie case of retaliation under the ADA, the plaintiff must demonstrate that (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Krouse*, 126 F.3d at 500.

Defendants argue that Talley does not adequately plead a claim under the ADA, as he "has not alleged that he has been denied participation in any program or activity as a result of Defendants' allegedly discriminatory policy." Br at 14.[5] However, Talley alleges that Defendants failed to "make reasonable accommodations" when Defendants refused to lower the volume of the television during certain hours of the night on the POC. Courts in this Circuit have found that Title II of the ADA "proscribes discrimination on the basis of disability without

---

[5] Defendants make no distinction in their analysis between Talley's discrimination claims under Title II of the ADA and Talley's retaliation claim against Defendant Rix under Title V of the ADA.

requiring exclusion [from the benefits of an activity, program, or service] per se." *Parms v. Pennsylvania Dep't of Corr.,* No. CA 14084, 2015 WL 1326323, at *2 (W.D.Pa. Mar. 25, 2015) (quoting *Chisholm v. McManimon*, 275 F.3d 315, 330-31 (3d Cir. 2001).

On the limited record before the Court at this early stage of the litigation, accepting the facts alleged in the Complaint as true and construing them in the light most favorable to Talley, the Court finds that the Talley has alleged enough to create plausible allegations to allow his ADA claims to continue beyond the Defendants' motion to dismiss. Although these claims may ultimately not succeed on the merits, the Court cannot say at this juncture that the claims are "indisputably meritless," "fantastic or delusional," "of little or no weight," or "trivial." *Neitzke v. Williams,* 490 U.S. at 325, 327.

### G. Intentional Infliction of Emotional Distress

Last, Defendants argue that Plaintiff's state law claim for intentional infliction of emotional distress is barred by the doctrine of sovereign immunity and, therefore, should be dismissed. *See* 42 Pa.C.S. §§ 8521 - 8522. The Court agrees with the Commonwealth Defendants that none of the exceptions provided in 42 Pa.C.S. § 8522 apply to Plaintiffs' state law claim. Accordingly, the motion to dismiss will be granted in this respect and Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

### Conclusion

For all these reasons, Defendants' motion will be granted in part and denied in part. Specifically, the Motion is **GRANTED** as to Plaintiff's claims under § 1983 against the DOC and the individual defendants in their official capacities, Plaintiff's Fourteenth Amendment due process and equal protection claims, and his common law claim of intentional infliction of emotional distress.

The Motion is **DENIED** as to Plaintiff's claims of supervisory liability against Defendants Wetzel, Gilmore, and Esmond, First Amendment retaliation claim against C/O Rix, and ADA claims under Title II (discrimination) and Title V (retaliation).

Additionally, Plaintiff's Eighth Amendment claim, which was not challenged, shall proceed against all Defendants.

An appropriate Order follows.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

Dated: November 28, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY, | Civil Action No. 2: 18-cv-0230 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| JOHN E. WETZEL, et al, | |
| Defendants. | |

## ORDER OF COURT

**AND NOW** this 28th day of November, 2018, for the reasons stated in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART and DENIED IN PART**.

Defendants shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: QUINTEZ TALLEY
KT- 5091
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-0999
(via U.S. First Class Mail)

J. Eric Barchiesi
Office of Attorney General
(via ECF electronic notification)