IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOHN E. WETZEL, SEC.; WARDEN ROBERT GILMORE, CSA TRACY SHAWLEY, CAPTAIN ESMOND, C/O RIX, C/O R. POLYBLANK, UNKNOWN 3RD SHIFT C/O'S, DEPARTMENT OF CORRECTIONS,<br><br>        Defendants. | 2:18-cv-0230<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM OPINION AND ORDER[1]

Before the Court is Plaintiff's Partial Motion for Judgment on the Pleadings, with brief in support (ECF Nos. 39 and 40), and Defendants' response in opposition. (ECF No. 45). For the reasons that follow, the motion will be denied.

Background

Plaintiff, Quintez Talley, claims that while he was housed in a Psychiatric Observation Cell at SCI-Greene the volume of a television situated at or near the corrections officers' desk was played at a "disturbingly loud volume" which resulted in Plaintiff having chronic sleep deprivation and headaches. The complaint asserted three claims under 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth Amendments; two claims under the Americans with Disabilities Act ("ADA"), and a state common law claim for intentional infliction of emotional distress.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of judgment. *See* ECF Nos. 15 and 24.

1

Defendants filed a motion to dismiss, which was granted in part and denied in part. As a result of the ruling on the motion to dismiss, the following claims remain: (1) a First Amendment retaliation claim against C/O Rix; (2) Eighth Amendment claims against C/O Rix, C/O Polybank, and unknown C/O's; (3) supervisory liability claims against Defendants Wetzel, Gilmore, and Edmond;[2] and ADA claims against Defendants DOC, Wetzel, Gilmore, Esmond, and Shawley. *See* Memorandum Opinion and Order filed on 11/28/19. (ECF Nos. 25 and 26).

Thereafter, Defendants filed a timely Answer and Affirmative Defenses to Plaintiff's Complaint. (ECF No. 26). With the pleadings closed, Plaintiff filed the instant Partial Motion for Judgment on the Pleadings, in which he seeks judgment on his ADA Title II claim and his Eighth Amendment claims.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Fed.R.Civ.P.12(c). A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute, and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the Court may take judicial notice.

Such motions, being directed toward a determination of the substantive merits of the controversy, should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner. *Shelly v. Johns-Manville Corp*., 798 F.2d 93, 94 (3d Cir. 1986). In ruling on a Rule 12(c) motion, the Court is required to view the allegations of the pleadings as true and the facts presented in the pleadings and the inferences to

---

[2] The Eighth Amendment supervisory claim against Defendant Shawley was dismissed.

be drawn therefrom in the light most favorable to the nonmoving party. *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980).

<u>Discussion</u>

According to Plaintiff, the pleadings establish that (i) the parties agree that the elements of his claim brought pursuant Title II of the ADA have been met and (ii) that he has satisfied the elements for judgment to be granted on his Eighth Amendment claims. Defendants respond that they have sufficiently denied the allegations of the complaint, and asserted affirmative defenses, such that judgment on the pleadings is inappropriate.

After reviewing the relevant pleadings, and the various documents Plaintiff has submitted for review, the Court finds that Plaintiff's motion is without merit as Defendants have not admitted the relevant allegations of the complaint and, in fact, have raised numerous affirmative defenses to Plaintiff's claims. This is not a case in which the material facts are not in dispute, and the merits of the controversy can be fairly and fully decided in a summary manner. Hence, the partial motion for judgment on the pleadings must be denied.

**ORDER OF COURT**

**AND NOW**, this 30th day of May, 2019, it is hereby **ORDERED** that Plaintiff's Partial Motion for Partial Judgment on the Pleadings is **DENIED**.

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     QUINTEZ TALLEY
        KT- 5091
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-0999
        (via U.S. First Class Mail)

        J. Eric Barchiesi
        John P. Senich , Jr.
        PA Office of Attorney General
        (via ECF electronic notification)