**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| QUINTEZ TALLEY, Plaintiff, | ) | Civil Action No. 2:18-cv-0230 |
| v. | ) | United States Magistrate Judge Cynthia Reed Eddy |
| JOHN E. WETZEL, et al, Defendants. | ) | |

**MEMORANDUM ORDER**

Presently pending is the "Motion For An Indicative Ruling on a Motion Barred by a Pending Appeal" filed by Plaintiff Quintez Talley (ECF No. 130), to which the Corrections Defendants filed a response at ECF No. 134. Talley asks this Court to issue an order, pursuant to Federal Rule of Civil Procedure 62.1, indicating that the Court would vacate its Case Management Order ("CMO") entered 1/6/2023 (ECF No. 127) if the Court of Appeals for the Third Circuit remanded the currently-pending appeal from that CMO back to this Court.

A brief background of the case is as follows. On May 4, 2020, the Court entered an Order granting in part and denying in part the Corrections Defendants' motion for summary judgment. (ECF No. 72). Talley appealed that Order arguing that the Court erred by, *inter alia*, permitting the Corrections Defendants to file the motion for summary judgment after the deadline had expired without requesting an extension. On August 29, 2022, the Court of Appeals for the Third Circuit found that "the District Court had granted the extensions without making a finding of excusable neglect." *Talley v. Wetzel*, No. 21-1855, 2022 WL 3712869, slip op. at *2 (3rd Cir. Aug. 29, 2022) (per curiam) (ECF No. 119-2). The appellate court remanded

the case "'to permit [the defendants] to submit a motion for extension of time in compliance with Rule 6(b)(1)(B)' and for the District Court to consider the Pioneer factors in the first instance." *Id.* (quoting *Drippe v. Tobelinski*, 604 F.3d 778, 786 (3d Cir. 2010)). On October 7, 2022, the Court of Appeals issued a certified judgment in lieu of a formal mandate. (ECF No. 119).

Guided by this mandate, the Court reopened the case and ordered the parties to file status reports as to their positions as to the issues that remain before the Court. (ECF No. 120). The parties agree that the remaining claims are: (1) an Eighth Amendment claim against Defendant Wetzel and (2) claims under the Americans with Disability Act against the DOC, Wetzel, and Shawley. (ECF No. 121, at ¶ 6; ECF No. 122 at p. 3). The Corrections Defendants, in compliance with the directive from the Court of Appeals on remand, filed a motion for extension of time pursuant to Rule 6(b)(1)(B), (ECF No. 123), and Talley filed a response in opposition. (ECF No. 125). On January 6, 2023, the Court granted the motion for extension of time finding that the balance of *Pioneer* factors and the totality of the circumstances weighed in favor of finding excusable neglect. (ECF No. 126). Contemporaneously with that Order, the Court entered a CMO regarding the filing of summary judgment motions. (ECF No. 127).

Talley filed a Notice of Appeal on January 18, 2023, stating that he was appealing the January 6, 2023 CMO and "all orders, judgments, and parts therefrom preceding" the CMO. (ECF No. 128). Talley's appeal is pending at Case No. 23-1120 in the United States Court of Appeals for the Third Circuit.

It is against this background that Talley has filed the instant motion. Talley argues that the Court's CMO "is in direct violation of the Third Circuit's mandate, and warrants correction." He states that he "inadvertently filed a notice of appeal" and asks this Court to "provide him with

a Rule 62.1(a)(3) 'indicative ruling' stating that it will merely correct this oversight in its order if the Appellate Court were to remand the appeal for the purpose of correct it; specifically aligning its 1/6/2023 order with the Third Circuit's mandate." Mot. at ¶ 8.

Before turning to the merits of the motion, the Court notes that it appears that Talley has filed an interlocutory appeal without obtaining authorization to do so.[1] By statute, appellate review short of a final judgment is authorized in a two-step process. *See* 28 U.S.C. § 1292(b). First, the District Court must authorize by order the party seeking such review to petition the Court of Appeals for permission to appeal, and then if such an order issues by the District Court, the petitioning party must file a petition for leave to appeal with the Court of Appeals. The final decision rests with the Court of Appeals. To date, neither this Court nor the Court of Appeals has authorized Talley's interlocutory appeal.

Because Talley's appeal remains pending, the Court turns to Talley's "Motion For An Indicative Ruling on a Motion Barred by a Pending Appeal."[2] Rule 62.1 provides that if a party makes a motion the district court "lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. Rule 62.1 codifies the procedure

---

[1] The Court of Appeals advised Talley on January 27, 2023, that his appeal was being submitted to a panel of the appellate court "for possible dismissal due to a jurisdictional defect. It appears that this Court may lack appellate jurisdiction for the following reason: The order that you have appealed may not be reviewable at this time by a court of appeals. Only final orders of the district courts may be reviewed. 28 U.S.C. Section 1291 . . . ." (ECF No. 3-1).

[2] "An interlocutory appeal, unless frivolous, generally divests the district court of jurisdiction respecting the issues raised and decided in the order of appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

most courts use to address Rule 60(b) motions to vacate final judgments which have already been appealed. *See* Fed. R. Civ. P. 62.1 advisory committee note. However, nothing in the language of Rule 62.1 limits its application to Rule 60(b) motions or motions made after final judgment. The Advisory Committee Notes confirm that Rule 62.1 "adopts for <u>any</u> motion that the district court cannot grant because of a pending appeal the practice that most court's follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." Fed. R. Civ. P. 62.1 advisory committee note (emphasis added).

With that said, however, there is little indication the drafters of Rule 62.1 intended it to be used to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the Court of Appeals. Talley contends this Court improperly issued a CMO following the mandate issued by the Court of Appeals. Having appealed that decision and divested this Court of jurisdiction, Talley's recourse is to proceed with the appellate process. Alternatively, this Court finds no basis on which it would grant the motion as it raises no substantial questions, making remand from the Court of Appeals unnecessary.

**AND NOW**, this 3rd day of February, 2023, it is hereby **ORDERED** that Talley's "Motion For An Indicative Ruling on a Motion Barred by a Pending Appeal" (ECF No. 130) is **DENIED**.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **QUINTEZ TALLEY**
KT 5091
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450-0999
(via U.S. First Class Mail)

All counsel of record
(via CM/ECF electronic notification)